IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § |
| Plaintiff, | § § § |
| v. | § § |
| BRIAN A. BJORK; ESTATE OF JOEL DAVID SALINAS; J. DAVID GROUP OF COMPANIES, INC. J. DAVID FINANCIAL GROUP, L.P.; SELECT ASSET MANAGEMENT, LLC; SELECT CAPITAL MANAGEMENT, LLC SELECT ASSET FUND I, LLC; and SELECT ASSET PRIME INDEX FUND LLC, | § § § § § § § § § Civil Action No.: |
| Defendants. | § § § |

## *EX PARTE* ORDER FREEZING ASSETS, GRANTING TEMPORARY RESTRAINING ORDER AND OTHER EMERGENCY RELIEF, AND SETTING HEARING DATE ON PLAINTIFF'S PRELIMINARY-INJUNCTION MOTION

This matter came before the Court this 1st day of August, 2011, on motion of the Securities and Exchange Commission ("Commission"), for the issuance of an order granting, *ex parte*, certain emergency relief against Defendant Brian A. Bjork; Defendant J. David Group of Companies, Inc. ("J. David Group"); Defendant J. David Financial Group LP ("J. David Financial"); Defendant Select Asset Management, LLC ("Select Asset"); Defendant Select Capital Management, LLC ("Select Capital"); Defendant Select Asset Fund I, LLC ("Fund I"); Defendant Select Asset Prime Index Fund, LLC ("Fund II"); and Defendant Estate of Joel David Salinas ("Salinas Estate").

The Commission seeks orders: (1) freezing the assets of Defendants, (2) temporarily restraining the Defendants from engaging in certain violative conduct, (3) prohibiting Defendants

from moving, altering, or destroying books, records, and accounts; (4), and requiring each Defendant to provide sworn interim accountings; (5) authorizing expedited discovery; and (6) providing for alternative service of pleadings and other papers. Having considered the Commission's Complaint, motion, supporting memorandum, declarations, and exhibits thereto, and the argument of counsel, the Court finds:

1. This Court has jurisdiction over the subject matter of this action and over the Defendants, and the Commission is a proper party to bring this action seeking the relief sought in its Complaint and in its motion.

2. There is good cause to believe that the Defendants, excluding Defendant Salinas Estate, have engaged, are engaged, and will continue to engage, in acts and practices that constitute and will constitute violations of Sections 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)].

3. There is good cause to believe that investor funds and assets obtained by the Defendants from the unlawful activities described in the Commission's Complaint have been misapplied and will be misappropriated, hidden, wasted, or otherwise used to the detriment of investors. Furthermore, there is good cause to believe that the Defendants do not have sufficient funds or assets to satisfy the relief that might be ordered in this action.

4. There is good cause to believe that Defendants used improper means to obtain investor funds and assets.

5.  There is good cause to believe that Defendant Salinas Estate received proceeds derived from the violative conduct of the other Defendants and Joel David Salinas, deceased, and that Defendant Salinas Estate does not have a legitimate claim to those proceeds or would be unjustly enriched if permitted to retain such proceeds or assets derived therefrom.

6.  There is good cause to believe that the Defendants will continue to engage in the acts and practices constituting the violations set forth above unless restrained and enjoined by order of this Court.

7.  There is good cause to believe that requiring notice to the Defendants of the Commission's motion for this Order would result in immediate and irreparable injury, loss, or damage to investors.

8.  There is good cause to believe that it is necessary to preserve and maintain the business records of the Defendants from destruction.

9.  There is good cause to believe that it is necessary to identify quickly all assets in the Defendants' possession or control.

10. This proceeding is one in which the Commission seeks a preliminary injunction.

11. The timing restrictions of Fed. R. Civ. P. 26(d) and (f), 30(a)(2)(C) and 34 do not apply to this proceeding in light of the Commission's requested relief and its demonstration of good cause.

12. Expedited discovery is appropriate to permit a prompt and fair hearing on the Commission's Motion for Preliminary Injunction.

**IT IS THEREFORE ORDERED:**

**I.**

Defendants Bjork, Select Asset, J. David Group, J. David Financial, Fund I and Fund II,

and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined in the offer or sale of any securities by use of any means or instruments of transportation or communication in interstate commerce, or of the mails, from, directly or indirectly:

 (a) employing any device, scheme or artifice to defraud;

 (b) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) engaging in any transactions, practices or courses of business which operate or would operate as a fraud or deceit upon any purchaser or prospective purchaser.

[Securities Act § 17(a) (15 U.S.C. § 77q(a))].

## II.

Defendants Bjork, Select Asset, J. David Group, J. David Financial, Fund I and Fund II, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from making use of any means or instrumentalities of interstate commerce, or of the mails or of any facility of a national security exchange, directly or indirectly, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

(c) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

(d) to use or employ any manipulative or deceptive device or contrivance in contravention of a rule or regulation prescribed by the Securities and Exchange Commission.

[Exchange Act § 10(b) and Rule 10b-5 thereunder (15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5)].

### III.

Defendants Bjork, Select Asset, and Select Capital and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from aiding and abetting or controlling another person in the offer or sale of any securities by use of any means or instruments of transportation or communication in interstate commerce, or of the mails, from, directly or indirectly:

(d) employing any device, scheme or artifice to defraud;

(e) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(f) engaging in any transactions, practices or courses of business which operate or would operate as a fraud or deceit upon any purchaser or prospective purchaser.

[Securities Act § 17(a) (15 U.S.C. § 77q(a))].

## IV.

Defendants Bjork, Select Asset, and Select Capital and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from aiding and abetting or controlling another person making use of any means or instrumentalities of interstate commerce, or of the mails or of any facility of a national security exchange, directly or indirectly, in connection with the purchase or sale of any security:

- (e) to employ any device, scheme or artifice to defraud;
- (f) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;
- (g) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or
- (h) to use or employ any manipulative or deceptive device or contrivance in contravention of a rule or regulation prescribed by the Securities and Exchange Commission.

[Exchange Act § 10(b) and Rule 10b-5 thereunder (15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5)].

## V.

Defendants Bjork, Select Asset, and Select Capital, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from and violating Sections 206(1) and 206(2) of the Investment Advisers [15 U.S.C. § 80b-6(1) and (2)], directly or indirectly,

by using the mails or any means or instrumentality of interstate commerce, directly or indirectly: (1) to employ any device, scheme, or artifice to defraud any client or prospective client; or (2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## VI.

Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds, incurring any additional liability (including, specifically, by advances on any line of credit and any charges on any credit card), or effecting any sale, gift, hypothecation or other disposition of any asset, pending provision of sufficient proof to the Court of sufficient funds or assets to satisfy all claims alleged in the Commission's Complaint, or the posting of a bond or surety sufficient to assure payment of any such claim. Further, any bank, trust company, broker-dealer, depository institution, entity, or individual holding accounts or assets for or on behalf of any of the Defendants shall make no transactions in assets or securities (excepting liquidating necessary as to wasting assets) and no disbursement of assets or securities (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including, specifically, any check, draft, or cashier's check) purchased by or for the Defendants, unless otherwise ordered by this Court.

## VII.

The Commission may cause a copy of this Order to be served on any bank, trust company, broker-dealer, depository institution, entity, or individual either by United States mail, email, or facsimile as if such service were personal service, to restrain and enjoin any such institution, entity,

SEC v. Brian A Bjork, et al.
Order Freezing Assets, Imposing TRO, and Granting Other Relief

or individual from disbursing assets, directly or indirectly, to or on behalf of Defendants, or any companies or persons or entities under their control.

### VIII.

Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained an enjoined from destroying, removing, mutilating, altering, concealing or disposing of, in any manner, any of their books and records or any documents relating in any manner to the matters set forth in the Commission's Complaint, or the books and records of any entities under their control, unless otherwise ordered by this Court.

### IX.

Each Defendant is ordered to provide an interim accounting, under oath, detailing (a) all investor monies and other benefits received, directly and indirectly, as a result of the activities alleged in the Complaint, (b) all assets wherever they may be located and by whomever they may be held, and (c) all accounts held during the period from January 1, 2007, through the date of the accounting.

### X.

A.  Any party may notice and conduct depositions upon oral examination and may request production of documents or other things for inspection and or copying from parties prior to the expiration of thirty (30) days after service of the Complaint on the Defendants .

B.  All parties shall comply with the provisions of Rule 45 of the Federal Rules of Civil Procedure regarding issuance and service of subpoenas unless the person designated to provide testimony or to produce documents or things agrees to provide the testimony or to produce the

documents or things without the issuance of a subpoena and/or to do so at a place other than one at which testimony or production can be compelled.

  C. Any party may notice and conduct depositions upon oral examination subject to minimum notice of 72 hours.

  D. All parties shall produce for inspection and copying all documents and things that are requested within 72 hours of service of a written request for those documents and things.

  E. All parties shall serve written responses to any other party's request for discovery. The Defendants' responses, and the interim accounting to be provided by Defendants, shall be sent to the Plaintiff Commission addressed as follows:

> United States Securities and Exchange Commission
> Fort Worth Regional Office
> Attention: Timothy S. McCole
> Burnett Plaza, Suite 1900
> 801 Cherry Street, Unit #18
> Fort Worth, TX 76102-6882
> McColeT@SEC.gov
> Facsimile: (817) 978-4927

The Plaintiff Commission's responses shall be sent to the other parties at such address(es) as may be designated by them in writing. Such delivery shall be made by the most expeditious means available, including by email and facsimile machine.

## XI.

The United States Marshal in any district in which any Defendant resides, transacts business, or may be found, is hereby authorized and directed to make service of process at the request of the Commission. Furthermore, the Commission is permitted to effect service of all pleadings and other papers, including the Summons, the Complaint, and court orders, by facsimile, by electronic mail, by overnight courier, or by mail upon Defendants their agents or

their attorneys or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

## XII.

The hearing on the Commission's motion for a preliminary injunction shall take place at 2:30 o'clock p.m. on 10 August, 2011, in Courtroom _____ or at such other time or place as counsel may be heard, and that the Defendants, and each of them, shall serve any papers in opposition to the Commission's motion so as to be received no later than five days before the time established in this Order for a hearing on the motion. Service shall be made by fax to Timothy S. McCole, Trial Counsel, at fax number (817) 978-4927, and by overnight delivery of the papers to the Commission, Burnett Plaza, Suite 1900, 801 Cherry Street, Unit 18, Fort Worth, Texas, 76102, to the attention of Timothy S. McCole, Trial Counsel, or such other place and person as counsel for the Commission may direct in writing.

Dated: __1 August__ 2011

_____
UNITED STATES DISTRICT JUDGE

SEC v. Brian A Bjork, et al.
Order Freezing Assets, Imposing TRO, and Granting Other Relief