IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| PLAINTIFF, | § § § | |
| vs. | § § | CIVIL ACTION NO. 4:11 CV - 02830 |
| BRIAN A. BJORK, THE ESTATE OF JOEL DAVID SALINAS, J. DAVID GROUP OF COMPANIES, INC., J. DAVID FINANCIAL GROUP LP, SELECT ASSET MANAGEMENT LLC, SELECT ASSET CAPITAL MANAGEMENT LLC, SELECT ASSET FUND I, LLC, AND SELECT ASSET PRIME INDEX FUND, LLC. | § § § § § § § § § § | |
| DEFENDANTS. | § | |

**RECEIVER'S AMENDED AND UNOPPOSED MOTION TO APPROVE ASSUMPTION AGREEMENT AND RELEASE AND TO TRANSFER PROPERTY**

TO THE HONORABLE KEITH P. ELLISON, UNITED STATES DISTRICT COURT:

Receiver Steven A. Harr ("Receiver") files this amended motion to approve a proposed Assumption Agreement and Release and to Transfer Property, originally filed at Dkt# 38, having resolved a threatened opposition to the requested relief, and in support of that relief, respectfully states:

**I.**

**BACKGROUND**

1.  On August 1, 2011, the Securities and Exchange Commission ("SEC") filed its Complaint against Defendants. In conjunction therewith, the SEC sought, and by Order Appointing Receiver (the "Order"), the Court appointed, Steven A. Harr as the Receiver for Brian A. Bjork, The Estate of Joel David Salinas, J. David Group of Companies, Inc., J. David Financial Group LP, Select Asset Management LLC, Select Capital Management, LLC, Select

Asset Fund I, LLC and Select Asset Prime Index Fund, LLC (collectively the "Receivership Entities").

2. Mr. Harr was authorized to have complete and exclusive control, possession and custody of all Receivership assets and Receivership records of Defendants. Receivership Assets and Receivership Records were defined in the Order as "assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever located, and the legally recognized privileges (with regard to the entities), of the [Receivership Entities] and all entities they own or control . . ., and the books and records, client lists, account statements, financial and accounting documents, computers, computer hard drives, computer disks, internet exchange servers telephones, personal digital devices and other informational resources of or in possession of the [Receivership Entities] or issued by [Receivership Entities] and in possession of any agent or employee of the [Receivership Entities]."[1]

3. The Receiver has been acting and fulfilling his duties as Receiver since his appointment and has conducted various investigations of the Receivership Entities with the intent to marshal the Receivership assets for the benefit of the Receivership Entities' investors and creditors. These efforts have included interactions with existing and former employees, reviews of corporate records and discussions with involved third-parties.

## II.

## INTRODUCTION

4. The Receiver's duties include responsibilities for several consulting services agreements entered into by Select Capital Management, LLC ("Select Capital"), a Receivership Entity. One of Select Capital's consulting agreements involves a loan (the "Loan") made by three individuals and serviced by Select Capital under a Participation Agreement (the "PA") for a

---

[1] Order Appointing Receiver, ¶1.
AMENDED AND UNOPPOSED MOTION TO APPROVE RELEASE AND ASSUMPTION AGREEMENT AND TO TRANSFER PROPERTY – PAGE 2 OF 8

real estate development project in Durham, North Carolina.  The borrower and guarantors under the Loan defaulted and Select Capital, as the servicer of the loan, now holds a judgment and warranty deed in lieu of foreclosure.  As the Receiver is in the process of terminating these consulting arrangements due to a lack of the ability to service them and the minimal compensation involved, and as provided in the PA, Select Capital desires to authorize the largest participant under the PA to remove Select Capital as servicer of the Loan, replace Select Capital with a new servicer, obtain a release and indemnity and transfer title to the property involved to the new Servicer.  The Receiver has been working with the largest participant under the PA and has reached an agreement to assign Select Capital's rights and liabilities under the Loan and PA to an entity chosen by the participant and to transfer the property to the new servicer.  The Receiver filed his Unopposed Motion to Approve Assumption and Release and Transfer Property (Dkt# 38) and before the Court ruled on the Motion the Receiver was advised of an objection.  The objection has now been resolved by an agreement more specifically set forth below.  The Receiver now seeks Court approval of the Motion and agreement.

### III.

### AUTHORITIES

5.      In receiverships, federal courts have broad equitable powers enabling them to fashion appropriate ancillary remedies necessary to grant full relief.  *SEC v. Blatt*, 583 F.2d 1325 (5th Cir. 1978); *SEC v. Manor Nursing Centers*, 458 F.2d 1082, 1103-04 (2d Cir. 1972).

### IV.

### FACTS

6.      **The Credit Facility, Participation Agreement and Judgment.** Select Capital, funded by three participants, loaned NCF Development, LLC (the "Borrower") $10,000,000.00 on May 19, 2008.  The Loan is evidenced by: (i) a Promissory Note dated May 19, 2008, which

is secured and governed by (ii) a Deed of Trust and Assignment of Rents, and a Security Agreement, both dated May 19, 2008, encumbering real estate in Durham County, North Carolina known as the Chesterfield Building, (iii) an Unconditional Guaranty Agreement dated May 19, 2008, personally granted by individuals Christian D. Laettner and Brian K. Davis (the "Guarantors"), (iv) an agreement dated May 16, 2008, given by Christian D. Laettner for a first priority interest in a federal tax credit (the "Collateral Security Agreement"), (v) an agreement dated November 28, 2008, granted by Christian D. Laettner in exchange for a reduction in the balance of the Promissory Note (the "November 2008 Agreement"), and (vi) a Forbearance Agreement dated May 8, 2009 (collectively the "Credit Facility").[2]

7. On May 19, 2008, Select Capital entered the PA with Taylor Funding, LLC, a Minnesota limited liability company ("Funding").[3] Pursuant to the PA, Funding purchased a 68.6% participation interest in the Loan.[4] The PA provides that Select Capital is the exclusive servicer of the Loan.[5] Two other entities also provided funds necessary to make the balance of the Loan. Under the PA, the majority participant has certain rights of control, including those that form the basis of the relief requested in this Motion.

8. The Borrower and Guarantors defaulted under the Credit Facility. Select Capital accelerated the amount owed under the Promissory Note and exercised its rights to convert the Credit Facility to a judgment and to obtain ownership of the Chesterfield Building (the "Property") through a foreclosure proceeding.

9. As a result of accelerating the Promissory Note, the Credit Facility was converted to, among other items: (i) a Judgment By Confession entered against the Borrower and

---

[2] The Credit Facility documents are attached as Exhibits A-1 through A-6. Receiver does not have a signed copy of Exhibit A-4, but believes the signed version is with Christian D. Laettner.
[3] Exhibit B.
[4] *Id.* at p. 1.
[5] *Id.* at ¶ 8A.

Guarantors, filed in Durham County, NC, Superior Court, Case no. 10 CVS 4336; and (ii) a Warranty Deed in Lieu of Foreclosure for ownership of the Property, filed in Book 6378, Page 46-49, Durham County, NC Registry (collectively the "Judgment Documents").[6]

10. **The Assumption and Release.** This Court's appointment of Receiver for Select Capital qualifies as a triggering event under the PA authorizing Funding to remove and replace Select Capital as the Lender and assume all rights and obligations to service the Loan and obtain ownership interests in the Credit Facility and the Judgment Documents (the "Restructuring").[7] On September 16, 2011, Funding notified the Receiver in writing of Funding's election to exercise its right to replace Select Capital as the servicer of the Loan under the PA, and to further assume ownership rights in the Credit Facility and Judgment Documents.

11. In light of the Restructuring and the notice from Funding, the Receiver desires to assign all of Select Capital's rights and obligations under the PA, and to transfer the Credit Facility, the Judgment Documents and the Property to NSA-SP#3, LLC, a Minnesota limited liability company, ("NSA"), as directed by Funding. Likewise, NSA, as directed by Funding, desires to assume all of Select Capital's rights and obligations under the PA, as well as Select Capital's ownership interests in the Credit Facility, Judgment Documents and Property. The parties also agree to a mutual release of any amounts owed under the PA. The assignment, transfer and release will be subject to and in accordance with the terms of the PA, the Credit Facility and the Judgment Documents. To that end, the Receiver proposes to enter into an Assumption Agreement and Release (the "Agreement") with Funding and NSA. The Agreement also contains an indemnity provision in favor of the Receiver. The form of the Agreement is

---

[6] The Judgment Documents are attached as Exhibits C-1 through C-2.
[7] Exhibit B, ¶ 16A(4).

attached as Exhibit "D". The Receiver also proposes to transfer the Property by use of the Special Warranty Deed ("Deed") the form of which is attached as Exhibit "E".[8]

12.     As set out in the PA, Credit Facility and Judgment Documents, there is no financial interest owed to Select Capital under Loan. Select Capital was the servicer of the Loan which has been foreclosed. Although the Receiver currently has a role in maintaining Select Capital's rights under this project to try to sell the Property, the participants under the PA have final say on any sale. While the Receiver would be entitled to a small fee upon sale of the Property, to date, the Property has proved difficult to sell and the Receiver believes it will remain so. In the estimation of the Receiver, the cost to the Receivership to continue these efforts exceeds the potential fee and, therefore, the Agreement is in the best interest of the estate.

13.     Before the Court could rule on the motion as originally filed, the Receiver was informed that Chesterfield Partners, LLC objected to the assignment and transfer based on a claim of breach of contract. The Receiver so informed the Court and the Motion has been in abeyance since that time. Following this notice, the Receiver has worked with NSA and Chesterfield Partners, LLC to resolve the issues. Each has agreed that the objection is withdrawn, that the transfer can occur as requested by the Receiver and that this action will be without prejudice to any party's rights in the Property, including but not limited to Chesterfield Partners, LLC.

14.     For these reasons, the Receiver requests that the Court approve the Agreement and Deed as stated in this motion and order that the Receiver is permitted to proceed with the transaction as stated in the attached Exhibits "D" and "E" or terms substantially similar thereto.

---

[8] In light of the threatened objection, the Special Warranty Deed has been revised to refer to and attach a certified copy of the Court's order granting this motion.

15. Pursuant to Local Rule LR 7.2, the Receiver advises the Court that the he has conferred with the Plaintiff Securities and Exchange Commission and that they do not oppose the relief requested in this motion. The remaining Defendants are all controlled by the Receiver.

## V.

## CONCLUSION

WHEREFORE, the Receiver prays that the Court enter an Order in the form submitted with this Motion, or for substantially the same relief in such form as the Court may find just and proper.

Respectfully submitted,

MUNSCH HARDT KOPF & HARR, P.C.

Respectfully submitted,

*/s/ Steven A. Harr*_____
Steven A. Harr, #09035600
MUNSCH HARDT KOPF & HARR, P.C.
700 Louisiana, Suite 4600
Houston, Texas 77002
(713) 222-4044 (telephone)
(713) 222-4047 (telecopy)
E-Mail: sharr@munsch.com

ATTORNEYS FOR THE RECEIVER

## CERTIFICATE OF CONFERENCE

On November 17, 2011, I conferred with Tim McCole and he stated that the Securities and Exchange Commission is not opposed to the relief sought in this motion.

*/s/ Steven A. Harr*_____

**CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing was filed electronically with the Clerk via the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

    Houston, Texas, this 22nd day of November 2011.

                                              */s/ Steven A. Harr*
                                              Steven A. Harr

MHDocs 3541190_1 4856.15