UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-2830 |
| BRIAN A. BJORK, et al., | § § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court is the Receiver's Motion for Show Cause Order and Related Relief ("Motion") (Doc. No. 54). After a hearing on this Motion, the Receiver filed his Supplemental Brief in Support of Receiver's Motion ("Supplemental Brief") (Doc. No. 58). Upon consideration of the Receiver's arguments and the applicable law, the Court finds that the Motion should be **DENIED**. However, the Court will permit the Receiver to utilize summary procedures to determine the rights of third parties, such as the debtors identified in the Motion and Supplemental Brief.

### I.   BACKGROUND

On August 1, 2011, the Securities and Exchange Commission ("SEC") filed its Complaint against Defendants, alleging that Defendants participated in fraudulent schemes involving the offer and sale and securities and have violated anti-fraud provisions of the federal securities laws (Doc. No. 1). The Court appointed Steven A. Harr as the Receiver of Defendant Brian A. Bjork, Defendant Estate of Joel David Salinas, Defendant J. David Group of Companies, Inc., Defendant J. David Financial Group LP, Defendant Select Asset Management

1

LLC, Defendant Select Capital Management, LLC, Defendant Select Asset Fund I, LLC, and Defendant Select Asset Prime Index Fund, LLC (collectively, the "Receivership Entities") (Order Appointing Receiver, Doc. No. 11). The Court took possession of the Receivership Estate, comprised of the assets and records of Defendants and all entities they own or control. (*Id.* ¶ 1.) The Court authorized the Receiver to have "complete and exclusive control, possession, and custody of the Receivership Estate and to any assets traceable to assets owned by the Receivership Estate." (*Id.* ¶ 4.) The Order also directs "Defendants, their respective officers, agents, and employees and all persons in active concert or participation with them . . . [to] provide immediate access to and control and possession of the Receivership Estate assets and records." (*Id.* ¶ 11.)

In his Motion, the Receiver requests an order that Gasaway Properties and its principal, Richard C. Gasaway, be cited to appear and show cause why they should not be held in contempt for violating this Court's Order Appointing Receiver. One of the Receivership Entities, Select Asset Prime Index Fund, L.L.C. ("Fund II"), loaned money to Gasaway Properties, LP. (Mot. ¶¶ 5–6.) The Notes were secured by its principal, Richard C. Gasaway, and the guaranty agreement allows Fund II to proceed directly against Mr. Gasaway. (*Id.* ¶ 5.) After receiving a demand letter from the Receiver, Gasaway Properties stated that it would not pay the amount due under the notes because it is entitled to an offset against money Gasaway Properties and Mr. Gasaway personally invested with two other Receivership Entities, Selected Asset Management, L.L.C. and J. David Financial Group of Companies. (*Id.* ¶ 7; Letter from Gasaway Properties to Mr. Chris DeMeo, January 28, 2012, Doc. No. 54-4.)

In his Supplemental Brief, the Receiver notes that the stated purpose of Fund II was to make commercial loans, and it received millions of dollars from investors. The Receivership

2

Entities "represented to potential investors that payments received on those loans would provide a handsome return on their investment." (Suppl. Brief ¶ 3.) Many of the loans were made to other Receivership Entities, but some were made to outsiders. The Receiver has settled with many of the debtors in default on these loans, but some borrowers are refusing to cooperate. Aside from the loan at issue in this Motion, there are two other such loans—one from Fund I made to National Insurance Partners, Inc. with personal, partial guaranties by Miles Prentice and William MacDonald, and a loan from Fund II to KO Supply, LLC with a personal guaranty by Kevin Maley. (*Id.* ¶ 3 n.3.) The Receiver contends that summary procedures are necessary to provide an "effective and expeditious means to resolve these matters" and avoid unnecessary expenditure of the money to be reimbursed to the victims of this fraud. (*Id.* ¶¶ 4, 16.)

## II. LEGAL STANDARD

"[T]he traditional rule is that summary proceedings are appropriate and proper to protect equity receivership assets." *United States v. Ariz. Fuels Corp.*, 739 F.2d 455, 458 (9th Cir. 1984); *see also SEC v. Sharp Capital, Inc.*, 315 F.3d 541, 545 (5th Cir. 2003) (finding that summary procedures were appropriate to determine if a particular asset was the property of the receiver); *SEC v. Basic Energy & Affiliated Res.*, 273 F.3d 657, 668 (6th Cir. 2001); *SEC v. Elliott*, 953 F.2d 1560, 1566–67 (11th Cir. 1992). "[S]ummary proceedings are within the broad powers and wide discretion the district court enjoys to adjudicate relief in an equity receivership proceeding." *Sharp Capital*, 315 F.3d at 545 (citing *Elliot*, 953 F.2d at 1566). A court should ensure that the third parties are afforded due process, and thus have adequate notice and an opportunity to be heard. *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 542 (1985); *see also SEC v. Wencke*, 783 F.2d 829, 838 (9th Cir. 1986) (appellant's due process challenge to the summary proceedings failed because he had notice of the proceedings, had an opportunity to

3

file responsive pleadings and perform discovery, and could have presented evidence and cross-examined witnesses at hearings).

### III. ANALYSIS

As explained above, the Court agrees with the Receiver that summary proceedings are proper to determine third parties' rights to assets that appear to belong to the Receivership Entities. The Fifth Circuit has previously approved a "summary judgment type procedure" that a district court utilized to evaluate third-party claims. *Sharp Capital*, 315 F.3d at 546.

Although the Court finds that summary proceedings are appropriate, the Court will not proceed by way of a show-cause order and contempt hearing. As one district court held, none of the cases approving summary procedures "support[] the Receiver's contention that a summary *contempt hearing* is the proper setting to advance a claim." *S.E.C. v. Amerifirst Funding, Inc.*, CIV.A. 3:07-CV-1188-, 2008 WL 282275, at *15 (N.D. Tex. Feb. 1, 2008) (emphasis in original), *aff'd in part, vacated in part, remanded sub nom. Whitcraft v. Brown*, 570 F.3d 268 (5th Cir. 2009). "A contempt hearing has a narrow focus: to determine whether a person has violated 'a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id.* (quoting *Castillo v. Cameron County*, 238 F.3d 339, 350 (5th Cir. 2001) (internal quotation marks omitted)). The Receiver does not point to any language in the Order Appointing Receiver that is directed at third parties, aside from "officers, agents, and employees and all persons in active concert or participation" with Defendants. (Order Appointing Receiver ¶ 11.) The Receiver does not argue that the debtors fit into this category, and it does not appear that they do.

Rather, the Court will allow the Receiver to proceed against debtors such as Gasaway Properties and Mr. Gasaway by utilizing the "summary judgment type procedure" approved in

*Sharp Capital*. The Receiver, as the moving party, must file a motion setting out his evidence and reasons for believing that each third-party debtor is in possession of receivership property. He must serve this motion, along with a copy of this Order, on the third-party debtors, and provide some proof of service to this Court. Upon receiving a copy of the motion, the third-party debtors will have 21 days to file a response, which should provide the facts and legal authorities on which they rely to show that the Receiver is not entitled to the money due under the notes. The response should include citation to affidavits, declarations, or other material proper under Rule 56 of the Federal Rules of Civil Procedure and admissible in evidence. Additionally, the response should include any requests for discovery, with specification as to the discovery sought and the information expected to be obtained. *See Sharp Capital*, 315 F.3d at 547. The Court will schedule an evidentiary hearing and/or allow the parties an opportunity for oral argument on any such discovery requests at a later date.

### IV. CONCLUSION

For the reasons discussed in this order, the Receiver's Motion is **DENIED**. However, the Court will allow the Receiver to proceed against the third-party debtors in accordance with the summary procedures outlined above.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 19th day of April 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE