# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § § *Plaintiff,* § § v. § § BRIAN A. BJORK, ESTATE OF JOEL DAVID § SALINAS, J. DAVID GROUP OF § COMPANIES, INC., J. DAVID FINANCIAL § GROUP, L.P., SELECT ASSET § MANAGEMENT, LLC, SELECT CAPITAL § MANAGEMENT, LLC, SELECT ASSET § FUND I, LLC, AND SELECT ASSET PRIME § INDEX FUND, LLC , § § *Defendants.* § § | CIVIL ACTION NO. 4:11-cv-2830 |

**RECEIVER'S UNOPPOSED ELEVENTH INTERIM APPLICATION TO ALLOW AND PAY (1) RECEIVER'S FEES AND EXPENSES, (2) ATTORNEY'S FEES AND EXPENSES, AND (3) OTHER PROFESSIONAL FEES AND EXPENSES, AND BRIEF IN SUPPORT**

TO THE HONORABLE KEITH P. ELLISON, UNITED STATES DISTRICT COURT:

Steven A. Harr ("Receiver"), the Receiver appointed by the Court in these proceedings, files his Unopposed Eleventh Interim Application to Allow and Pay: (1) Receiver's Fees and Expenses, (2) Attorney's Fees and Expenses, and (3) Other Professional Fees and Expenses and Brief in Support for same states as follows:

## I.
## BACKGROUND

1. On August 1, 2011, the United States Securities and Exchange Commission ("SEC") filed its Complaint and requested the appointment of a Receiver. On that same date, the Court appointed Steven A. Harr to serve as Receiver and he has functioned in that capacity since.

2. Mr. Harr is an attorney with the law firm of Munsch Hardt Kopf & Harr, P.C.

("MHKH"). The Order permitted Mr. Harr to retain members of his firm and any other professionals considered to be reasonable and necessary by the Receiver to fulfill his obligations to the Court. As part of his duties, the Receiver employed the accounting firm of BDO USA, LLP f/k/a UHY Advisors FLVS, Inc. ("BDO") to assist the Receiver with a variety of services. These services include the financial investigation of the Receivership entities, operation of the Receivership assets and accounting for the Receivership estate.

3.    This application seeks the Court's approval of the fees and expenses incurred by the Receiver and MHKH for the period of February 1, 2015 – August 15, 2015 and BDO for the period of January 16, 2015 – August 15, 2015. This application is being filed to comply with the policies governing receivers as established by the Securities and Exchange Commission. Although early applications were filed approximately every 90 days, this application covers seven months due to the reduced amount of time, effort and fees in this matter and to conserve estate resources.

## II.
## SUMMARY OF WORK OF THE RECEIVER AND PROFESSIONALS TO DATE

4.    A Preliminary Report (Dkt. 25) was filed by the Receiver on September 27, 2011. Shortly thereafter, a Second Interim Report (Dkt. 35) was filed on November 3, 2011. A Third Interim Report (Dkt. 47) was filed by the Receiver on February 7, 2012. A Fourth Interim Report (Dkt.72) was filed on May 21, 2012. A Fifth Interim Report (Dkt. 99) was filed September 10, 2012. A Sixth Interim Report (Dkt. 111) was filed on December 12, 2012. A Seventh Interim Report (Dkt. 135) was filed April 16, 2013. An Eight Interim Report (Dkt # 155) was filed September 17, 2013. The Ninth Interim Report (Dkt# 185) was filed on February 19, 2014. The Tenth Interim Report (Dkt#203) was filed on February 3, 2015.    These reports more fully describe the work and accomplishments of the Receiver to date.

5.  The financial results of the work of the Receiver for the period ending July 31, 2015, are shown in a form, known as a "SFAR", which is required by the Securities and Exchange Commission and is attached herein as Exhibit "A." The SFAR shows Cash and Cash Equivalents of $292,434, Investments of $1,700,000 and Other Assets or Uncleared Funds of $321,667.

6.  The work of the Receiver and his counsel during this period has been to continue to put in motion the actions necessary to address the remaining set of assets and liabilities and the state and federal taxes posed by this situation. During the period covered by this application, the Receiver has incurred fees and expenses with respect to his activities as Receiver and with respect to MHKH as follows:

| PERIOD | HOURS | FEES | EXPENSES | TOTALS |
|---|---|---|---|---|
| 02/01/2015 – 02/15/2015 | 26.80 | $8,751.10 | $960.05 | $9,711.15 |
| 02/16/2015 – 03/15/2015 | 36.50 | $12,233.80 | $602.47 | $12,836.27 |
| 03/16/2015 – 04/15/2015 | 67.30 | $22,163.90 | $716.66 | $22,880.56 |
| 04/16/2015 – 05/15/2015 | 35.40 | $11,420.60 | $282.51 | $11,703.11 |
| 05/16/2015 – 06/15/2015 | 26.50 | $8,172.65 | $428.21 | $8,600.86 |
| 06/16/2015 – 07/15/2015 | 46.50 | $13,480.50 | $281.48 | $13,761.98 |
| 07/16/2015 – 08/15/2015 | 51.90 | $14,015.50 | $1,144.81 | $15,160.31 |
| | | | | |
| TOTALS | 290.90 | $90,238.05 | $4,416.19 | $94,654.24 |

7.  Exhibit "B," which is attached and incorporated herein by reference, conveys the following information for the time period of February 1, 2015 through August 15, 2015:

    a.  The number of hours worked by each attorney and staff member on a particular day;

    b.  The work performed by each attorney and staff member;

    c.  The rates for each person rendering service in this matter (all of which represent at least a 10% discount from the firm's standard rates), and the involvement of the Receiver and MHKH attorneys and staff in this case during the six months covered by this application during which a total of more than 290 hours of attorney, staff and Receiver time has been expended. For this period, the Receiver's fees average a blended rate of approximately $310.20 an hour.

8.  In addition to the work of the Receiver and his counsel, the Receiver has

principally employed BDO, successor to UHY, as accountants to serve the Receivership. Their work can generally be described as:

- Analysis of the need for and the substantial time and effort to prepare a wide range of tax returns for the receivership entities;

- Negotiation and elimination of <u>all</u> late penalties and interests otherwise charged to the estate's entities to date for not filing tax returns;

- Serving as the Receiver's controller;

- Assisting the Receiver with claims against net winners; and

- Preparing interim reports of operations and asset recoveries and reports for the Receiver.

The fees and expenses incurred during the Period with respect to BDO are as follows:

| PERIOD | HOURS | FEES | EXPENSES | TOTALS |
|---|---|---|---|---|
| 01/16/2015 – 02/15/2015 | 280.50 | $48,332.50 | $51.24 | $48,383.74 |
| 02/16/2015 – 03/15/2015 | 72.75 | $13,898.00 | $0.00 | $13,898.00 |
| 03/16/2015 – 04/15/2015 | 66.90 | $12,548.75 | $0.00 | $12,548.75 |
| 04/16/2015 – 05/15/2015 | 65.45 | $11,586.50 | $0.00 | $11,586.50 |
| 05/16/2015 – 06/15/2015 | 32.50 | $7,138.25 | $0.00 | $7,138.25 |
| 06/16/2015 – 07/15/2015 | 19.50 | $4,787.50 | $0.00 | $4,787.50 |
| 07/16/2015 – 08/31/2015 | 17.65 | $6,741.00 | $392.18 | $7,133.18 |
| **TOTALS** | **555.25** | **$105,032.50** | **$443.42** | **$105,475.92** |

9.  Exhibit "C," which is attached and incorporated herein by reference for all purposes, conveys the following information for the time period of January 16, 2015 through August 15, 2015:

   a. The number of hours worked by each BDO accountant and staff member on a particular day;

   b. The work performed by each accountant and staff member;

   c. The rates for each person rendering service in this matter, and involvement of BDO and staff in this case during the four month period covered by this application during which a total of more than 555 hours of BDO and staff time have been expended. BDO has provided services to the Receivership at a blended rate of approximately $189.16 an hour.

## III.
## JOHNSON FACTORS

10. In support of this request for allowance of compensation and reimbursement of expenses, the Receiver and MHKH respectfully direct this Court's attention to those factors generally considered by Courts in awarding compensation to professionals for services performed in connection with the administration of a receivership estate. As stated by the Sixth Circuit Court of Appeals in *Reed v. Rhodes*, 179 F.3rd 453, 471 (6th Cir. 1999), "The primary concern in an attorney's fee case is that the fee awarded be reasonable." *See Blum v. Stenson,* 465 U.S. 886, 893 (1984). A reasonable fee is "one that is adequate to attract competent counsel…" *Id*. (internal citation omitted). Under the twelve factor test enunciated by the Fifth Circuit in *Johnson v. Georgia Hwy. Express, Inc.,* 488 F.2d 714, 717 (5th Cir. 1974), and adopted by the Supreme Court in *Hensley v. Eckerhart,* 461 U.S. 424, 432 (1983), a court must first determine the loadstar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. *Johnson*, 488 F.2d at 717. That amount can then be adjusted by the "Johnson Factors". Those factors as applied to the services rendered in this case by the Receiver, MHKH and BDO are addressed below:

    a. <u>The time and labor required</u>. The Receiver, MHKH and BDO respectfully refer the Court's attention to their itemized billings which detail the involvement of the Receiver, MHKH attorneys and the accountants in this case during the seven month period covered by this application during which a total of more than 290 hours of attorney, staff and Receiver time have been expended and more than 555 hours of accountant and accounting staff time have been expended. A substantial amount of the accounting time has been devoted to the process of preparing tax returns and negotiating with the IRS with regard to penalties and interest charged as a result of the late filing of the returns.

b. <u>The novelty and difficulty of the questions</u>. Many of the tasks involve factual and legal questions which are of substantial complexity. The issues associated with the real estate, tax returns, possible fraudulent transfers and the great concern of the investors for their potential losses posed many novel and difficult operating issues as well as legal and factual questions. These issues have been constantly developing. The Receiver and MHKH have had to become knowledgeable and keep current of daily ongoing events. These issues required regular attention, but the work has slowed significantly in light of the substantial liquidation of the estate assets.

c. <u>The requisite skill to perform the service</u>. The Receiver believes that the services performed in this case have required individuals possessing considerable experience in business transactions, investment fraud, insurance, workouts, litigation, tax, equity receiverships, real estate, lending and negotiations. The Receiver, MHKH and BDO have considerable experience in these areas.

d. <u>The preclusion of other employment due to the acceptance of the case</u>. The Receiver, MHKH and BDO have not declined any representation solely because of their services as Receiver, counsel or accountant for the Receiver.

e. <u>The customary fee</u>. The average hourly rates sought herein are at least commensurate with the rates charged by other practitioners of similar experience levels in the Southern District of Texas. In the case of the Receiver and his counsel, the rates below are their average standard hourly rates discounted by at least ten percent (10%). During the time period covered by this application, the following lawyers at MHKH have performed legal services on behalf of the Receiver with respect to these proceedings.

| NAME | RATE | LICENSE & PRACTICE |
|---|---|---|
| Steven A. Harr (Receiver) | $441.00 per hour | Licensed in Texas in 1980 and admitted to practice law before all state and federal courts in the State of Texas. |
| Sameer Karim (general issues) | $300.00 per hour | Licensed in Texas in 2011 and admitted to practice law before all state courts in the State of Texas. |
| Christopher Jordan (real estate issues) | $225.00 per hour | Licensed in Texas in 2013 and admitted to practice law before all state and federal courts in the State of Texas. |
| Christopher Speer (general issues) | $414.00 per hour | Licensed in Texas in 1993 and admitted to practice before all state courts in the State of Texas. |
| Robert Kibby (general issues) | $432.00 per hour | Licensed in Texas in 1987 and admitted to practice before all state courts in the State of Texas. |

Additionally, the following paralegals and timekeepers assisted the Receiver:

| NAME | RATE | SCOPE OF INVOLVEMENT |
|---|---|---|
| Mary Jo Martin (paralegal handling the majority of the investor questions and concerns) | $200.00 per hour | Rendered valuable service in connection with the communications with investors and responding to investor contact and maintenance of information posted on the Receiver's website. |
| Meg Wingert (paralegal) | $234.00 per hour | Handled corporate issues. |
| Lindsay McNeil (law clerk) | $148.50 per hour | Handled general issues. |

f. <u>Whether the fee is fixed or contingent</u>.  The Receiver, MHKH and BDO's fees are fixed insofar as monies exist by way of Receivership assets from which to pay such fees. Payment of such fees, however, is subject to Court approval.

g. <u>Time limitations imposed by the Client or other circumstances</u>.  The time requirements of the Receiver during the period covered by this application have been declining with an occasional uptick in activity to close certain matters.  The Receiver and his staff continue to address the issues associated with the assets, taxes, strategic analysis and negotiation to sell or obtain payoffs on the various notes and investments held by Select Asset Fund I and Select Asset Prime Index Fund, responding to investors, addressing new issues

presented and their effect on the investors, monitoring and updating the Receiver's website, and attending to voicemail communications, investor responses and reporting information as necessary to the Court. The time investment of the estate's accountants has significantly increased due to the large number of state and federal tax returns that have been filed during the period in question. All tax return related work is now completed but has given rise to the assessment of penalties and interest by the IRS for the late filing of the returns. BDO has been successful to date in negotiating with the IRS to reverse all assessments of penalties and interest, saving the estate in excess of $100,000.

      h.  <u>The amount involved and the results obtained</u>. During the period covered by this application, the Receiver and his lawyers and paralegals have handled the following matters:

      1.  Continued to review as needed the legal documents, including documents maintained by the Defendants and obtained from investors or third-parties, regarding the assets of the Receivership;

      2.  Negotiate for and collect on the new SMIG loan made in 2014 in association with the sale of a Receivership asset;

      3.  Negotiate and extend the time for payment on the Gassaway settlement in light of delays in the process of selling the property used to pay the estate;

      4.  Sold the New Ulm vacant lot property;

      5.  Invested substantial time and effort on a wide range of tax returns required by law, attention to the penalties and interest charged by the IRS and produced documents to the IRS;

      6.  Seek permission of the Court and work with the claims team to issue a second interim distribution to the investors.

    7. Maintain an information website for all interested investors, creditors and others to provide for on-going communications, updated pleadings filed in the proceeding, and an email address for questions and inquiries;

    8. The Receiver has renewed the Certificates of Deposits holding the larger sums of the receivership corpus, all deposited in the CDARS program;

    9. Responded to and assisted with numerous and constant questions from investors on claims issues;

    10. Attended to the many questions and issues related to the financial investigation of the entities;

    11. Filed suit against three net winners, settled with two and began active litigation with the third.

    i. <u>The experience, reputation and ability of the attorneys</u>.  MHKH is a broad-based commercial firm with vast experience in the handling of matters generally related to civil trial law, dispute resolution, bankruptcy, corporate, real estate and general workout matters. The practice of the attorneys specifically in this case regularly includes the representation of investors and other persons involved in business transactions in which investors or other parties are victims or aggrieved in some fashion.  The Receiver and other attorneys at MHKH have also served as Receiver and counsel in other large SEC Receiverships involving investor fraud on a worldwide basis.  The reputation of the Receiver and MHKH attorneys is recognized and respected in their community in Texas.

    j. <u>The undesirability of the case</u>.  The service as Receiver and the representation of the Receiver incident to this case has not been undesirable.

    k. <u>The nature and length of the professional relationship with the client</u>. MHKH did not represent the Receiver in these proceedings prior to being retained in these proceedings.

l.   <u>Award in similar cases</u>.  MHKH believes that the fees requested in this case are less than or equal to those which have been awarded in similar cases in this district.

## IV.
## SEC CERTIFICATION

11.   I have read the Application and to the best of my knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions (with any exceptions specifically noted in the Certification and described in the Application); all fees contained in the Application are based on the rates listed in the Applicant's fee schedule attached hereto and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed; the Application has not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission); and, in seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party (such as copying, imagining, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), the Applicant requests reimbursement only for the amount billed to the Applicant by the third-party vendor and paid by the Applicant to such vendor.  If such services are performed by the receiver, the receiver will certify that it is not making a profit on such reimbursable service.

12.   Pursuant to Local Rule CV-7, the Receiver advises the Court that the Plaintiff Securities and Exchange Commission has no objection to the relief requested in this Motion.

## V.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Receiver requests that this Court approve all of the fees and expenses as set forth herein and for such other and further relief,

general and special, at law or in equity, to which the Receiver, MHKH and BDO may show themselves justly entitled.

DATED:  August 26, 2015        Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

*/s/ Steven A. Harr*                                              x
**Steven A. Harr**
SDTX Bar No. 09035600
**MUNSCH HARDT KOPF & HARR, P.C.**
700 Milam, Suite 2700
Houston, Texas 77002
(713) 222-1470(telephone)
(713) 222-5850 (telecopy)
E-Mail: sharr@munsch.com

*THE RECEIVER*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically with the Clerk via the CM/ECF system.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Houston, Texas, this 26th day of August, 2015.

By:  */s/ Steven A. Harr*
      Steven A. Harr