IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § § § § § § § § § § § § § § § | |
| PLAINTIFF, | | |
| vs. | | CIVIL ACTION NO. 4:11 CV – 02830 |
| BRIAN A. BJORK, THE ESTATE OF JOEL DAVID SALINAS, J. DAVID GROUP OF COMPANIES, INC., J. DAVID FINANCIAL GROUP LP, SELECT ASSET MANAGEMENT LLC, SELECT ASSET CAPITAL MANAGEMENT LLC, SELECT ASSET FUND I, LLC, AND SELECT ASSET PRIME INDEX FUND, LLC. | | |
| DEFENDANTS. | | |

**RECEIVER'S THIRTEENTH INTERIM STATUS REPORT
AND REQUEST FOR GUIDANCE**

TO THE HONORABLE KEITH P. ELLISON, UNITED STATES DISTRICT COURT:

Steven A. Harr ("**Receiver**"), the Receiver appointed by the Court in these proceedings, files this, his Thirteenth Interim Status Report and Request for Guidance and respectfully provides the following in support:

**I.
INTRODUCTION**

1. On September 28, 2016, the Court requested a status conference to receive an update with respect to all outstanding tasks and items preventing the Receivership estate from being wound up. Primarily what remained outstanding at that time was the resolution of three appeals pending before the Internal Revenue Service ("**IRS**") and certain tax filings ultimately dependent on the result of those appeals. While the Receiver was hopeful that these appeals would be resolved shortly after the last status conference, these same IRS appeals remain

RECEIVER'S THIRTEENTH INTERIM REPORT– Page 1
4819-1528-7633v.3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § § § | |
| PLAINTIFF, | | |
| vs. | | CIVIL ACTION NO. 4:11 CV – 02830 |
| BRIAN A. BJORK, THE ESTATE OF JOEL DAVID SALINAS, J. DAVID GROUP OF COMPANIES, INC., J. DAVID FINANCIAL GROUP LP, SELECT ASSET MANAGEMENT LLC, SELECT ASSET CAPITAL MANAGEMENT LLC, SELECT ASSET FUND I, LLC, AND SELECT ASSET PRIME INDEX FUND, LLC. | § § § § § § § § § § § | |
| DEFENDANTS. | § | |

**RECEIVER'S THIRTEENTH INTERIM STATUS REPORT
AND REQUEST FOR GUIDANCE**

TO THE HONORABLE KEITH P. ELLISON, UNITED STATES DISTRICT COURT:

Steven A. Harr ("**Receiver**"), the Receiver appointed by the Court in these proceedings, files this, his Thirteenth Interim Status Report and Request for Guidance and respectfully provides the following in support:

**I.
INTRODUCTION**

1. On September 28, 2016, the Court requested a status conference to receive an update with respect to all outstanding tasks and items preventing the Receivership estate from being wound up. Primarily what remained outstanding at that time was the resolution of three appeals pending before the Internal Revenue Service ("**IRS**") and certain tax filings ultimately dependent on the result of those appeals. While the Receiver was hopeful that these appeals would be resolved shortly after the last status conference, these same IRS appeals remain

RECEIVER'S THIRTEENTH INTERIM REPORT– Page 1
4819-1528-7633v.3

outstanding today. With the amount of time that has passed, the Receiver felt it was prudent to provide the Court an update and seek its guidance with respect to how it should proceed.

## II.
## FINAL OUTSTANDING ITEMS

2. In February 2015, the Receiver filed approximately seventeen (17) federal tax returns on behalf of the receivership estate and Defendants. Most of the filings were accepted without issue but, for others, the IRS imposed penalties, some significant. Initially, the IRS assessed penalties totaling $580,320 against the receivership entities. The Receiver and his team of accountants have been successful in abating $383,760 of the penalties thus far. The Receiver has three (3) appeals currently pending with respect to the remaining $196,560. Although we cannot predict with certainty, based on his prior success the Receiver anticipates there is a good chance of prevailing on the remaining appeals.

3. The Receiver was hopeful these appeals would have been resolved months ago. Despite multiple inquiries by his accountants, the IRS has not been provided any information with respect to when these appeals will be heard and resolved. This is the last significant task left pending before the estate can be closed. However, the Receiver is wholly at the mercy of the IRS.

4. The Receiver respectfully seeks guidance from the Court on how best to proceed. While the Receiver can just continue to wait, it may be beneficial for this Court to issue a show cause order or another comparable means to inquire, for the benefit of all, what has taken the IRS more than two years to address these issues. While maintaining the receivership estate does not result in substantial monthly or recurring costs, the Receiver is regularly fielding inquiries from the aggrieved investors about final distributions and the status of the IRS appeals. As detailed below, the Receiver currently maintains $709,874.38. Once the IRS appeals

are resolved, a final distribution will be made of all funds remaining in the receivership estate minus administrative fees and costs necessary to wind up the estate, preserve the estate records for a reasonable period of time, and prepare and file final tax returns. At that point the Receiver will seek permission from this Court to formally and permanently close the estate. Moreover, if the receivership estate cannot be wound up prior to calendar year 2018, tax returns for 2018 will also need to be prepared and the cost for doing so will be incurred.

## III.
## RECEIVERSHIP FUNDS

5. On May 30, 2017, the Receiver filed a formal request to make a third interim distribution in the approximate amount of $1,500,000. [Dkt. No. 226]. This request was granted on May 31, 2017, and the Receiver shortly thereafter distributed the authorized funds. [Dkt. No. 227]. As of present day, the Receiver currently possesses $709,874.38 in liquid cash and certificates of deposit. The receivership estate has no other assets. As of the date of this filing, all outstanding loans, credits, and settlements have been fully funded and no additional monies are due or expected to be paid to the receivership estate. The only question that remains is whether the estate will be responsible for the aforementioned IRS fees and penalties.

## IV.
## CONCLUSION

The purpose of this status report was two-fold. First, the Receiver desires to provide the Court and the aggrieved investors a formal update with respect to where things stand. Second, the Receiver seeks the Court's guidance with respect to the pending IRS appeals. If the Court prefers, the Receiver is willing and able to continue to wait on the IRS patiently. However, if the Court feels otherwise and would prefer to take steps to get some update from the IRS for the benefit of all concerned, the Receiver can move for a show cause order or other relief the Court may suggest.

DATED: October 17, 2017     Respectfully submitted,

By: */s/ Steven A. Harr*
    **Steven A. Harr**
    Texas Bar No. 09035600
    **MUNSCH HARDT KOPF & HARR, PC**
    700 Milam, Suite 2700
    Houston, Texas 77002
    (713) 222-1470 (telephone)
    (713) 222-4047 (telecopy)
    E-Mail: sharr@munsch.com

**ATTORNEY IN CHARGE FOR RECEIVER**

**OF COUNSEL:**
**MUNSCH HARDT KOPF & HARR, PC**
700 Milam, Suite 2700
Houston, Texas 77002-2732

**Sameer S. Karim**
SDTX Bar No. 24076476
700 Milam, Suite 2700
Houston, Texas 77002-2732
Tel: (713) 222-4050
Fax: (713) 222-5850
Email: skarim@munsch.com

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing was filed electronically with the Clerk via the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

    Houston, Texas, this the 17th day of October, 2017.

    */s/ Sameer S. Karim*
    **Sameer S. Karim**